[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 8, 2010
JOHN LEY
CLERK

No. 09-13388
Non-Argument Calendar

_____

D. C. Docket No. 06-00468-CR-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIDGETTE L. DAVIDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 8, 2010)

Before CARNES, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Bridgette Davidson was indicted on six counts:  honest services mail fraud in violation of 18 U.S.C. §§ 1341, 1346, and 2 (counts 1–4); conflict of interest in violation of 18 U.S.C. § 208(a) (count 5); and making a false statement in violation of 18 U.S.C. § 1001(a) (count 6).  A jury convicted her on all counts.  The district court imposed: a sentence of 36 months imprisonment on each count to run concurrently; a $5,000 fine; a 3-year term of supervised release on counts 1–4;  a concurrent 1-year term of supervised release on counts 5 and 6; and a $600 special assessment.  This is Davidson's appeal of her convictions and sentence.

I.

Davidson first contends that her convictions for honest services mail fraud on counts 1–4 of the indictment must be reversed in light of Skilling v. United States, — U.S. —, 130 S.Ct. 2896 (2010), which the Supreme Court issued while her case was pending on this direct appeal.  In Skilling the Court held that the honest services statute criminalizes only bribery and kickback schemes.  Id. at 2931 (interpreting 18 U.S.C. § 1346).  As the government concedes, because Davidson was charged with and convicted of undisclosed self-dealing instead of bribery or kickbacks, under Skilling her convictions on counts 1–4 must be reversed.  See id. at 2932 (rejecting the argument that undisclosed self-dealing by a

2

public official or private employee is a crime covered by § 1346).

## II.

Because her convictions for honest services mail fraud on counts 1–4 are being reversed in light of Skilling, Davidson contends that her convictions on count 5 for conflict of interest in violation of 18 U.S.C. § 208(a) and on count 6 for making a false statement in violation of 18 U.S.C. § 1001(a) also should be reversed. She argues that the evidence admitted to prove her intent to commit the honest services mail fraud that was charged in counts 1–4 prejudicially spilled over and led to her convictions on counts 5 and 6. She maintains that specific intent evidence would not have been admitted at trial to prove the strict liability offense of conflict of interest (count 5) or the false statement offense (count 6).

If Davidson wanted to limit the use of the intent evidence to the honest services mail fraud counts, she should have objected to it or requested a limiting instruction. She did not.[1] As a result, we review the prejudicial spillover issue as to

---

[1]Davidson argues that she did not have an opportunity to request a limiting instruction because the evidence was not offered under Fed. R. Evid. 404(b) as evidence of other crimes, wrongs, or acts for the purpose of proving intent but instead was offered as substantive evidence on the honest services mail fraud counts. Even so, if there was a risk that the jury would impermissibly consider the honest services intent evidence as evidence in support of the other charges against her, she could have requested a jury instruction to limit the jury's consideration of that evidence to the honest services charges. See Fed. R. Evid. 105 (when evidence is admissible for one purpose but not another, "the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly"). Because she did not make that request, plain error review applies. United States v. Smith, 459 F.3d 1276, 1297 (11th Cir. 2006) ("[B]ecause Federal Rule of Evidence 105, which provides for limiting instructions in

counts 5 and 6 only for plain error. See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1301 (11th Cir. 2001); United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) ("An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." (citation and quotation marks omitted)). And, in doing so, we keep in mind that "[d]ismissal of some counts charged in the indictment does not automatically warrant reversal of convictions reached on remaining counts." United States v. Prosperi, 201 F.3d 1335, 1345 (11th Cir. 2000).

As for count 5, the government concedes that because conflict of interest is a strict liability offense, the intent evidence would not have been admissible to prove count 5, but it argues that evidence was not prejudicial for the very reason that it

_____

appropriate circumstances, only operates upon request, the failure to give a limiting instruction is error only when such an instruction is requested." (citation, quotation marks, and alteration omitted)).

Davidson also argues that even if the intent evidence would have been admissible under Fed. R. Evid. 404(b), it would have been inadmissible as unfairly prejudicial under Fed. R. Evid. 403. As we have explained in regard to prejudicial spillover arguments, however, "[e]xclusion of evidence under Rule 403 is within the discretion of the district court, and this court will not speculate on what the district court would have done had a Rule 403 objection been raised." United States v. Prosperi, 201 F.3d 1335, 1346 (11th Cir. 2000) (citation omitted).

4

was irrelevant to the count 5 charge. We agree, at least in this plain error only context. For the same reasons that the evidence was not relevant on count 5 Davidson has failed to carry her burden of persuading us, as she must under the plain error rule, that there is a reasonable probability that but for the specific intent evidence she would not have been convicted of the count 5 strict liability conflict of interest charge. See Rodriguez, 398 F.3d at 1302.

The analysis is somewhat different as to the count 6 false statement charge, because that charge does require proof of intent — intent to make a false statement to the VA investigators. Davidson's position is that the evidence of her intent to commit honest services mail fraud went beyond her intent to make false statements, and for that reason there was prejudicial spillover. To determine whether Davidson's conviction on count 6 was the result of prejudicial spillover, we consider whether there was evidence "(1) that would not have been admitted but for the dismissed charges and (2) that was improperly relied on by the jury in their consideration of the remaining charges." Prosperi, 201 F.3d at 1345. If the evidence at issue would have been admissible anyway under Fed. R. Evid. 404(b), then no prejudicial spillover occurred. See id. at 1345–46. "Evidence of criminal activity other than the charged offense is admissible for purposes of Rule 404(b) if it: 'pertain[s] to the chain of events explaining the context, motive and set-up of the

crime [and is] linked in time and circumstances with the charged crime, or forms an integral and natural part of the crime, or is necessary to complete the story of the crime for the jury.'" United States v. Lehder-Rivas, 955 F.2d 1510, 1515–16 (11th Cir. 1992) (quoting United States v. Van Dorn, 925 F.2d 1331, 1338 (11th Cir.1991)).

Count 6 involved allegations that Davidson made false statements to Veterans Administration investigators about whether she had any financial interest in the personal care facility to which she assigned veterans who were under her care as a VA social work associate.[2] In her job with the VA, Davidson was responsible for placing special needs military veterans in privately owned assisted living facilities or personal care homes. VA policy and federal law prohibited Davidson from placing the veterans in a personal care home if she owned or had a financial stake in it. In violation of those prohibitions, she placed four veterans in Jordan's Elite Personal Care Home. To show that she had a financial stake in that personal care home, the government presented evidence that Davidson had signed a lease agreement for the home and had obtained a business license, which listed

---

[2]On count 6 Davidson was convicted of making a false material statement in a matter within the jurisdiction of a federal agency. See United States v. Lawson, 809 F.2d 1514, 1517 (11th Cir. 1987) ("To make any false or fraudulent statement in any matter within the jurisdiction of a federal agency is a federal crime under 18 U.S.C. § 1001."). To sustain a conviction under § 1001, the government had to prove these elements: "(1) a statement, (2) falsity, (3) materiality, (4) specific intent, and (5) agency jurisdiction." Id.

6

her as the owner of that business. She also had a business checking account in her name for the home. There was also evidence that she made a profit of $16,000 based on the difference between the rent she paid on the house and the amount collected from the veterans who lived there.

During the investigation that led to the false statements charge contained in count 6, VA investigators asked Davidson, who was under oath at the time, "Do you have any financial involvement in Elite Personal Care Home?," and she told them she did not.[3] They asked her if she had "in any way, shape or form financially gained from any of the patients being placed in Elite Personal Care Home . . . [e]ither directly or indirectly," and she told them she had not. They asked her if she knew who owned the personal care home or who had a financial interest in it, and she told them that, except for what the investigators had said to her about Darrick Frazier, she did not.

The jury heard testimony that Davidson was in a long-term relationship with Frazier and that they had a daughter. Frazier, who was Davidson's co-defendant, testified that Davidson had suggested opening a business for disabled veterans. Davidson had told him that it would be a conflict of interest for the business to be in her name because of her position with the VA. The assigned fiduciaries for the

_____

[3]Transcript excerpts of Davidson's sworn testimony before an administrative board of VA investigators were read into the record during Davidson's trial.

7

veterans wrote checks to Frazier or to the personal care home. Frazier testified that he cashed the checks and gave the money to Davidson.

No plain error as to count 6 occurred as a result of the admission of evidence pertaining to Davidson's criminal intent to commit the honest services mail fraud offenses charged in counts 1–4. The same evidence was admissible to prove that Davidson intentionally made false statements to the VA investigators in order to cover up the underlying scheme of placing veterans in a home in which Davidson had a financial interest. Evidence showing the context and motive for the crime was necessary for the jury to understand what had led to the false statements and it was admissible under Fed. R. Evid. 404(b). See Lehder-Rivas, 955 F.2d at 1515–16. Because the evidence would have been admissible under Rule 404(b) in any event, no prejudicial spillover occurred. See Prosperi, 201 F.3d at 1345–46; see also United States v. Lee, 612 F.3d 170, 180, (3d Cir. 2010) ("[I]f the evidence to prove the overturned count would have been admissible to prove the remaining valid count, the defendant was not prejudiced, and there is no need to consider whether the evidence influenced the outcome. In other words, if, in creating a hypothetical trial as to the valid count only, the evidence of the invalidated count would have been admissible anyway, the analysis ends there." (citation and quotation marks omitted)). There was no error, much less plain error.

### III.

Davidson also contends that the evidence was insufficient to support her conviction on count 6 for making a false statement in violation of 18 U.S.C. § 1001(a). "We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the verdict." United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006). "The jury gets to make any credibility choices, and we will assume that they made them all in the way that supports the verdict." Id. Furthermore, "the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." Id. Davidson contends that the government failed to show the falsity and specific intent elements necessary to prove a violation of § 1001(a). See Lawson, 809 F.2d at 1517.

As is evident from the discussion of intent evidence in Part II of this opinion, there was ample evidence for a jury to conclude that Davidson made false statements about her financial interest in the Jordan's Elite Personal Care Home and that she did so intentionally to cover up the conflict of interest created when she placed veterans under her care in that home. The jury reasonably could have found, as it did, guilt beyond a reasonable doubt on the false statement charge against Davidson.

9

## IV.

Davidson contends that the district court plainly erred by sentencing her to a term of 36 months in prison for having a conflict of interest as a federal employee in violation of 18 U.S.C. § 208(a).  A federal employee cannot "participate[] personally and substantially as a Government officer or employee" in matter in which she has a financial interest.  18 U.S.C. § 208(a).  If an employee violates that law, she commits a misdemeanor, subject to a maximum term of imprisonment of one year.  18 U.S.C. § 216(a)(1).  A willful violation, however, is a felony, subject to a maximum sentence of five years.  Id. § 216(a)(2).

Because the indictment did not charge that Davidson had acted willfully, the statutory maximum sentence for her misdemeanor crime was one year.  As a result, the government concedes that the district court did plainly err when it sentenced Davidson to 36 months on her conviction for a § 208(a)(1) violation.  Davidson has already served her sentence on this count, which ran concurrently with her sentences on the other counts, but her judgment of conviction—and thus her criminal record—incorrectly indicate that she was convicted of a felony on this count.  Under these circumstances, the district court on remand should correct the judgment to reflect that Davidson was convicted of a misdemeanor on the federal employee conflict of interest count under § 208(a)(1), instead of a felony

10

conviction under § 208(a)(2). For the same reason, the district court should revisit

the special assessment in accordance with the statutory limits imposed by 18

U.S.C. § 3013(a)(1)(A)(iii) and (a)(2).[4]

V.

Davidson also contends that the district court erred by applying a U.S.S.G. §

3A1.1(b)(1) vulnerable victim enhancement in sentencing her. She argues that her

victim was the VA, not the veterans she placed in the home and asserts that she did

not specifically choose vulnerable people because all of the veterans she worked

with at the VA fit into that category. She also argues the district court should not

have considered the condition of the personal care home in which she placed the

veterans.[5]

_____

[4]The government points out that the district court on remand should reduce the special assessment from $600 to $525 in accordance with the limits imposed by 18 U.S.C. § 3013(a)(1)(A)(iii) and (a)(2).

[5]The PSI quoted an incident report written by a Cobb County police officer, which described these conditions in the home:

> The house and the living conditions were deplorable. The house was scarcely furnished and the furniture that was there was badly stained. The carpet was stained with feces and cigarette ashes. The carpet on the stairwell was detached and a hazard to walk on. The bathrooms were absolutely filthy and the only food in the house was a large pack of hotdogs.

PSI at 4–5, ¶ 16. The PSI, however, did not recommend a vulnerable victim enhancement, reasoning that the VA was the victim of the offense and the indictment did not charge Davidson with any offense arising from the quality of care provided to the veterans. See id. at 9, ¶ 29. The government objected, and the district court ruled that the vulnerable victim enhancement applied.

11

This issue is moot because the vulnerable victim enhancement applied to the honest services mail fraud convictions, which are being reversed. Furthermore, Davidson has already served her sentence.

**REVERSED in part**, **AFFIRMED in part**, and **REMANDED** for proceedings consistent with this opinion.